IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Lori N. Cardwell, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 4:06-2051-HMH-TER |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

  This matter is before the court on a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). See 28 U.S.C. § 2412(a), (d) (2006). Lori N. Cardwell ("Cardwell") seeks attorney's fees for services rendered in the above-captioned Social Security action in the amount of Four Thousand Two Hundred Dollars ($4,200.00) (calculated at $150.00 per hour times 28.0 hours). The Commissioner of Social Security ("Commissioner") objects to the request for attorney's fees and costs.

  "A party who prevails in litigation against the United States is entitled to EAJA attorneys' fees upon timely petition for them if the government's position was not substantially justified and no special circumstances make an award unjust." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992) (internal quotation marks omitted). "[T]he test of whether or not a government action is substantially justified is essentially one of reasonableness." Smith v. Heckler, 739 F.2d 144, 146 (4th Cir. 1984) (internal quotation marks omitted). "In order to defeat an award, the government must show that its case had a reasonable basis both in law and fact." Id.

Upon review, the Government's position was substantially justified. In his November 15, 2007, Report and Recommendation, the Magistrate Judge recommended reversing the Commissioner's decision denying Cardwell benefits because the ALJ erred by improperly discrediting the opinion of Cardwell's treating psychiatrist, Dr. Judith Tolhurst ("Dr. Tolhurst").[1] (Nov. 15, 2007, Report and Recommendation 13-16.) However, while the court found that the ALJ's analysis was incorrect, the Commissioner's position was not unreasonable or inconsistent with established authority.

With regard to Dr. Tolhurst's opinion, the Commissioner reasonably argued that the ALJ properly discounted her opinion because it was inconsistent with the record as a whole and with her own treatment notes. (Def.'s Br. 17-20); see Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996) (noting that if a physician's opinion "is inconsistent with other substantial evidence, it should be accorded significantly less weight" and upholding an ALJ's rejection of a physician's opinion because it was inconsistent with the physician's treatment notes). The Commissioner's argument was supported by Dr. Tolhurst's previous inconsistent opinions regarding the severity of Cardwell's condition as well as the opinions of Dr. Stephanie Boyd and E.G. Schleimer, Ph.D., a consultative psychologist, all of which indicated that Cardwell was not disabled. (R. at 155-58, 167-59, 200-02, 219-20, 235-36, 267-68, 305-09, 384, 396, 398-402.) Therefore, it cannot be said that the Government's position was so "feeble" as to warrant an EAJA award. See Craig, 76 F.3d at 590. Because the Commissioner's position was substantially justified, the court denies Cardwell's motion for attorney's fees and costs pursuant to the EAJA.

---

[1] No objections were filed to the November 15, 2007, Report and Recommendation recommending reversal of the Commissioner's decision. Therefore, the court's December 5, 2007, order adopted the Report and Recommendation without further analysis or discussion.

It is therefore

**ORDERED** that Cardwell's motion for attorney's fees and costs under the EAJA, docket number 24, is denied.

**IT IS SO ORDERED**.

    s/Henry M. Herlong, Jr.
    United States District Judge

Greenville, South Carolina
March 4, 2008