IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Lori N. Cardwell,                          )
                                           )        C.A. No. 4:06-2051-HMH-TER
                      Plaintiff,           )
                                           )
            vs.                            )        **OPINION AND ORDER**
                                           )
Michael J. Astrue, Commissioner of        )
Social Security,                           )
                                           )
                      Defendant.           )

This matter is before the court on a motion for attorney's fees pursuant to

42 U.S.C. § 406(b) (2006).  Harry Smithson ("Smithson"), counsel for Lori N. Cardwell

("Cardwell"), seeks attorney's fees for services rendered in the above-captioned Social Security

action in the amount of Eight Thousand Seven Hundred Sixty-five Dollars ($8,765.00).[1]

Smithson's representation of Cardwell resulted in an award of retroactive benefits in the amount

of Thirty-five Thousand Sixty-two Dollars ($35,062.00).  The Defendant, Michael J. Astrue

("Astrue"), does not oppose Smithson's request for attorney's fees and agrees that an award in

the amount of $8,765.00 is reasonable.

Based upon a review of the petition and the factors to be considered in awarding

attorney's fees in a Social Security case,[2] the court finds that an award of $8,765.00 is

---

[1]  Smithson's total fee of $8,765.00 was calculated on a contingency basis of 25% of the gross amount awarded to Cardwell.

[2]  Courts have considered the following factors in awarding attorney's fees:  "(1) novelty of questions and skill required, (2) customary fees, (3) contingency of fee, (4) nature and length of professional relationship, and (5) amount involved and results obtained."  Craig v. Sec'y, Dep't of Health and Human Servs., 864 F.2d 324, 326 (4th Cir. 1989), abrogated on other grounds by Gisbrecht v. Barnhart, 535 U.S. 789 (2002).

reasonable.  See Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) ("[Section] 406(b) calls for

court review of [contingency fee agreements] as an independent check, to assure that they yield

reasonable results in particular cases.").  The requested attorney's fee is reasonable[3] given

Smithson's specialized skill in Social Security cases and the achievement of a successful result

for Cardwell without any unreasonable delay.  Further, Smithson's fee does not exceed twenty-

five percent (25%) of past-due benefits.

Therefore, it is

**ORDERED** that Smithson is awarded attorney's fees in the amount of Eight Thousand

Seven Hundred Sixty-five Dollars ($8,765.00).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
December 4, 2008

---

[3] "In exercising [the court's] discretion, . . . [the court] must adhere to established
principles of law, and it must clearly explain its reasons for the award [of attorney's fees]."
Craig, 864 F.2d at 328.